UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SETH HUNTER GEOFFRION, )<br>on behalf of himself and all others )<br>similarly situated, )<br>　　　　　Plaintiff )<br> )<br>v. ) Civil Action No. 10-<br> )<br>GREGORY P. TURNER, )<br>Attorney at Law )<br>　　　　　Defendant ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff contends that defendant  - a "debt collector" covered by the FDCPA - sent plaintiff a collection letter which violated certain provisions of the Act. Since the letter appears to be a standard one utilized by defendant, plaintiff seeks redress on behalf of himself and similarly situated Massachusetts consumers.

### Parties

1. Plaintiff Seth Hunter Geoffrion is an individual who at all relevant times has resided in Boston, Suffolk County, Massachusetts. Prior to a decree entered by the Barnstable Probate and Family Court on April 6, 2009, plaintiff's official name was Seth Hunter Devlin.

2. Defendant Gregory P. Turner is a licensed Massachusetts attorney with an office located in Waltham, Massachusetts.

### Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

5. At all relevant times defendant has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6) since a regular and substantial part of his law practice has been devoted to the collection and attempted collection of consumer debts, i.e., debts incurred primarily for personal, family, or household purposes.

6. Defendant sent plaintiff a letter dated April 6, 2010, in connection with a debt allegedly owed to defendant's client, American Express Centurion Bank, which debt had been incurred primarily for personal, household, and/or family purposes. The letter was the second written communication from defendant to plaintiff concerning the alleged debt.

7. The letter stated in pertinent part: "A court hearing is not always required in order for judgment to enter against you, so it is very important you contact us as soon as possible prior to the time for entry of judgment."

8. The letter also stated in pertinent part: "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc."

## COUNT I

9. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

10. The language set forth in paragraph 7, above, conveyed the false, misleading, and deceptive message that judgment can enter automatically once a certain amount of time has passed, and that Mr. Geoffrion would have little, if any opportunity to prevent judgment from entering and/or might not be given notice that judgment might enter or an opportunity to contest same. Accordingly, the letter violated section 1692e of the Act.

## COUNT II

11. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

12. The statement "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc." was false, misleading, and/or deceptive in violation of section 1692e by implying that as of the date of the letter plaintiff owed attorneys fees and by implying that additional attorneys fees would automatically result if plaintiff did not resolve the case at that time, both of which were incorrect.

## COUNT III

13. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

14. The statement "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc." was false, misleading, and/or deceptive in

violation of section 1692e by using the inherently vague term "etc." and failing to specify any additional charges which plaintiff might incur as a result of not promptly resolving the matter.

## Class Allegations

15. Plaintiff brings this action on behalf of himself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom either defendant sent a letter concerning an alleged consumer debt within one year prior to the filing of this complaint, which letter was the second or later written communication from defendant concerning the debt, contained one or more of the statements set forth above in paragraphs 7 and 8, above, and was not returned to sender as undeliverable.  Excluded from the class are defendant and all current and former employees, agents, and attorneys of defendant.  Plaintiff alleges on information and belief that during the class period defendant sent at least one hundred of said letters to class members, and therefore the class is sufficiently numerous such that joinder is impracticable.

16. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA and whether the letter violates the FDCPA as alleged.

17. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

18. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

19.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages against defendant;

(iv) award plaintiff and class members costs and attorney's fees against defendant;

(v) award such further relief as shall be just and proper.


**Plaintiff claims trial by jury.**


SETH HUNTER GEOFFRION, plaintiff
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com